IN THE

# SUPREME COURT OF TENNESSEE

FOR THE

## EASTERN DIVISION.

KNOXVILLE, SEPTEMBER TERM, 1895.

TELEGRAPH CO. *v.* BARNES.

(*Knoxville.* September 12, 1895.)

1. SUPREME COURT. *No reversal for exclusion of evidence.*

Refusal of Court to permit a witness to answer pertinent questions, affords no cause for reversal, unless the record shows affirmatively that the answers would have been competent and material evidence. (*Post, pp. 272, 273.*)

Cases cited and approved: Holmark *v.* Molin, 5 Cold., 484; State *v.* Turner, 6 Bax., 203.

2. SAME. *Reversal for insufficiency of evidence.*

In suit by two joint addressees for failure of telegraph company to deliver a message, the burden is upon the plaintiffs to show

Telegraph Co. *v.* Barnes.

that neither received it, and want of proof on this point, as to either plaintiff, is cause for reversal. (*Post, pp. 273, 274.*)

## FROM ROANE.

Appeal in error from Circuit Court of Roane County.   S. A. RODGERS, Judge.

WEBB & McCLUNG, WELCKER & McNUTT, and A. R. McKENZIE, for Telegraph Company.

McELWEE & OWINGS for Barnes.

CALDWELL, J.   Jasper Barnes and his wife, Charity Barnes, sued the Western Union Telegraph Company for carelessly and negligently failing to deliver to them a telegraphic message announcing the death of her father, and, by such failure in its duty, causing them to suffer much pain, anguish, and distress of mind because not informed of the death, as, by the prompt delivery of the message, they would have been, in time to attend and participate in his funeral.   The case was tried by Court and jury upon a plea of not guilty, and verdict and judgment were rendered in favor of the plaintiffs for two hundred dollars.   Motion for new trial having been overruled, the defendant appealed in error.

1. The action of the trial Judge in refusing to permit certain witnesses to answer certain questions

propounded to them by defendant's counsel cannot be reviewed by this Court, for the reason that the record does not show what answers the witnesses would have made if allowed to speak. It may be that they would have answered that they had no knowledge of the matters inquired about, and that, if the case should be reversed and remanded for their testimony, they would so answer on a new trial. To justify this Court in reviewing the action of a trial Judge in refusing to let witnesses answer questions propounded to them, the bill of exceptions must show what answers they would have made if permitted to testify, and it must further appear, as a matter of law, that such answers would have been competent and material. *Holmark* v. *Molin*, 5 Cold., 484; *State* v. *Turner*, 6 Bax., 203.

2. The verdict is not sustained by the evidence. The plaintiffs averred in their declaration, and proved by the sender and another witness, that the message was addressed to both Jasper Barnes and Charity Barnes, and that, being so addressed, it was delivered to the defendant's agent for transmission to them. Only Charity Barnes was examined to prove the non-delivery of the message, and she simply testified that *she* did not receive it. The other plaintiff and addressee, Jasper Barnes, was not examined as a witness, and no evidence was introduced to show that the telegram was not delivered to him.

The burden was upon the plaintiffs to establish, by proof, that neither of them received the mes-

18—11 P

sage. Without such proof, no actionable breach of duty on the part of the defendant was shown, and, consequently, the plaintiffs could not have been entitled to a recovery. It was not enough for them to prove, as they did by the wife's testimony, that she did not get the message. The husband may have received it. This record does not show that he did not. Delivery of the message to either, though addressed to both, was, or would have been, a sufficient fulfillment of the company's obligation. Proof of nondelivery to the wife does not show nondelivery to the husband; yet, no other proof upon that subject is to be found in this record.

Reverse and remand.